UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LAWRENCE J. SCHMITZ,

        Plaintiff,

                                                      Case Number 08-14559-BC
v.                                                Honorable Thomas L. Ludington

VILLAGE OF BRECKENRIDGE,
VILLAGE OF BRECKENRIDGE
COUNCIL, JAMES BUCHANAN,

        Defendants.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT**

On November 27, 2008, Plaintiff Lawrence J. Schmitz filed a seven-count complaint against Defendants Village of Breckenridge, the Village of Breckenridge Council, and James Buchanan, arising out of the non-renewal of his employment contract as Village Manager. On October 9, 2009, the Court granted in part and denied in part in part Defendants' motion for summary judgment. Subsequently, Plaintiff maintains the following claims against Defendant Buchanan in his individual capacity, the Village of Breckenridge, and the Village of Breckenridge Council: age-based equal protection violations pursuant to 42 U.S.C. § 1983; and age discrimination under the Michigan Elliot Larsen Civil Rights Act ("ELCRA"), Mich. Comp. Laws §§ 37.2101 et seq.

Now before the Court is Plaintiff's motion to amend the complaint [Dkt. # 21], filed on October 1, 2009. Plaintiff seeks to amend the complaint to add a "defamation and false light" cause of action against Defendant Buchanan. Defendants filed a response [Dkt. # 24] on October 12, 2009, contending that amendment of the complaint would be futile. Plaintiff did not file a reply. The Court has reviewed the parties' submissions and finds that the facts and the law have been sufficiently set forth in the motion papers. The Court concludes that oral argument will not aid in

the disposition of the motion. Accordingly, it is **ORDERED** that the motion be decided on the papers submitted. *Compare* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, Plaintiff's motion will be granted.

I

A detailed summary of the facts advanced by the parties was included in the Court's October 9, 2009, order on Defendants' motion for summary judgment. Only those facts most pertinent to Plaintiff's motion to amend the complaint will be repeated here. Additional facts alleged in Plaintiff's proposed amended complaint will also be included.

Plaintiff began employment as Village Manager of the Village of Breckenridge on March 1, 2000. Plaintiff's most recent employment contract governed his employment from March 1, 2005, to February 29, 2008. On February 29, 2008, Plaintiff was approximately sixty-six years old. Under Mich. Comp. Laws § 65.8, a village council is authorized to employ a village manager, who "shall serve at the pleasure of the council." As required by § 65.8(3), Plaintiff's employment contract provided, "Nothing contained herein shall limit, prevent, or otherwise interfere with the right of the Council to terminate the services of the Manager at any time . . . ."

On January 23, 2008, the Village Council held a special meeting, at which Defendant Buchanan was present, as President, as were all six of the other council members, including Jeff Anderson, Linda Chapin, Dennis Hagey, Leeann Maurer, Tim Schaub, and Gena Schrems. *See* Def. Br. Ex. 2 (meeting minutes). Plaintiff was also present. A motion to not renew Plaintiff's contract passed by a vote of four to three. Defendant Buchanan, along with council members Anderson, Chapin, and Schaub, voted to not renew Plaintiff's contract. At his deposition, Plaintiff testified that he did not speak on his own behalf because he "knew how the vote was going to be, four to three,

I knew I wasn't going to overturn that, it was pretty clear that they were bent on getting rid of me one way or another so I felt it would be futile. Plus, you know, I was rather upset and I might say some things that just didn't need to be said." *Id.* 24:21-25:1. Eventually, Chief of Police Bob Mecomber, who was approximately fifty years old, was appointed interim Village Manager.

Plaintiff did not receive any annual reviews pursuant to his most recent employment contract, although he had received a few performance reviews in the past. *See* Def. Br. Ex. 5 (performance reviews dated February 9, 2001, December 3, 2001, December 1, 2003, and June 2004). Plaintiff testified that he had been doing a good job performing his duties. Two of the council members who voted against not renewing Plaintiff's contract provided deposition testimony in support of Plaintiff's contention. Hagey, who served on the council from 2004 to 2008, testified that he thought that Plaintiff "was doing a fine job" at the time. Hagey Dep. 37:11-13 (June 24, 2009); Pl. Br. Ex. 6. Maurer, who served on the council from 2004 to 2008, testified that she "didn't feel [Plaintiff] had done anything grievous to consider anything for termination at all." Maurer Dep. 4:23-5:1 (June 24, 2009); Pl. Br. Ex. 3.

Additionally, Richard Joliff, who served as a council member for about one year in 2006, testified that he "personally didn't have any problems with anything that [Plaintiff] was doing with his performance. . . ." Joliff Dep. 4:18-21 (June 24, 2009); Pl. Br. Ex. 5. Patricia Rohn, who served as a council member from about 2000 to 2007, testified that she thought Plaintiff's performance as Village Manager was "okay," and acknowledged that she did not have any issues with it. P. Rohn Dep. 4:8-14 (June 24, 2009); Pl. Br. Ex. 8.

Plaintiff and several other individuals provided testimony concerning whether Plaintiff's age factored into the decision to terminate his employment. Plaintiff testified that in February 2006, he

had a conversation with Defendant Buchanan, during which Defendant Buchanan asked when Plaintiff's birthday was and then appeared surprised when he learned Plaintiff's age. Pl. Dep. 60:3-61:10. Plaintiff testified that Defendant Buchanan then "went through a whole procedure of, you know, you ought to consider retiring because when you're old enough to collect Social Security sometimes it's not worth the hassle working and that type of thing." *Id.* 61:13-19.

Plaintiff also testified that at a work session of the council on April 13, 2006, Defendant Buchanan made a statement to the effect of, "[Plaintiff is] the next one we have to work on to retire." *Id.* 63:25-65:17. Finally, Plaintiff testified that at a council planning session on October 15, 2007, council member Chapin "talked about how old people need to take naps and they can't accomplish the work that's needed to be accomplished and young people can accomplish a lot more. . . ." *Id.* 68:18-70:12. Plaintiff acknowledged in his testimony that at the January 23, 2008 meeting, neither council member Chapin nor council member Anderson said anything about his age. *Id.* 70:22-71:8.

Former council member Hagey testified that council member Chapin had once said that "older workers didn't work as hard" and indicated herself that "I even need to take a nap now because I can't work as hard as I could." Hagey Dep. 9:5-20, 19:21-20:20. Hagey testified that Chapin is approximately sixty-four years old. *Id.* 20:6-7. Hagey also testified that Defendant Buchanan stated at a special meeting that Plaintiff is "our next person to get rid of . . . because he's eligible for Social Security and he can leave." *Id.* 10:2-11. Hagey testified that generally, "I do know that there was a feeling that the retirement at the village was so superior to everybody else that they might as well not work because they were going to, they could make as much money practically without working." *Id.* 11:3-7.

Cindy Johnson, who worked for approximately thirty-three years as Village Treasurer, and

is about fifty-nine years old, testified that she felt that Defendant Buchanan did not re-appoint her as Village Treasurer partly because of her age. Johnson Dep. 8:1-9:5 (June 24, 2009); Pl. Br. Ex. 14. She testified that Defendant Buchanan generally made "little comments about age," such as "you know we're getting too old to be here and this and that." *Id.* 9:5-9.

Karen Rohn, who served as Village Clerk for thirty-two years ending in December 2007, testified that at a council meeting in September 2007, council member Chapin made a comment "that it was time to get rid of some of the older workers and replace them with younger workers who could do a better job." K. Rohn Dep. 5:1-13 (June 24, 2009). She testified that some council members generally made comments demonstrating that "there were several of us that they wanted to have retire and be gone and [Plaintiff] was included in that group." *Id.* 7:18-22. Rohn also testified regarding Johnson, that "they said she was old enough to retire and that's what they wanted her to do." *Id.* 8:17-24.

Former council member Patricia Rohn testified that she knew that Defendant Buchanan "wanted people to leave." P. Rohn Dep. 5:18-24. She testified that this concerned "[a]ll the older associates, all the older employees. [Plaintiff], Cindy, Karen, Don, anybody that was older. It was time, you know I guess they were eligible to retire, there were comments like that." *Id.* 6:1-4. Finally, former council member Joliff testified that, at a couple of committee meetings, Defendant Buchanan made a "suggestion" that Plaintiff "was going to have to start looking at retiring." Joliff Dep. 5:1-8.

Subsequently, Defendant Buchanan paid for an advertisement in the Saginaw Valley Shopper, stating his position on the termination of Plaintiff's employment. Plaintiff alleges that at least eleven thousand copies of the July 6, 2009, publication were distributed. The advertisement

was text only; contained the heading, "BRECKENRIDGE VILLAGE RESIDENTS 2009"; clearly provided that it was paid for by Defendant Buchanan; and identified Defendant Buchanan as the Village President of Breckenridge. The advertisement otherwise provided in full:

> The Election year is upon us on September 15 you can vote to continue the progress of the current administration or go back to the thinking of the past. The choice is very clear, but I will discuss that at a later date. The only contested office is president.
>
> Everyone should know that Larry Schmitz is suing the village, council, and myself (Jim Buchanan) for not renewing his contract. He has tried to build his case on age discrimination which is just a flat out lie! The decision was based on money. I had run twice on the issue of cutting down administration cost so that more services could be delivered to our residents. Which has happened. Jeff Ostrander along with our finance Chairperson Jeff Anderson have crunched the numbers and have done a great job. Without the changes that we made, the village would not be making payroll as of now. Larry's job performance was not even brought into the equation, but would have convinced no one in my opinion to renew it either. Under Larry and my predecessor's time we were given a retirement debt that each day grows by leaps and bounds. We have deferred maintenance of our water and sewer that will end up costing millions over the next 40 years.
>
> I must say that it has been reported to me that Larry's witnesses that were called for depositions did not lie and say I had ever used age as a way of not renewing his contract contrary to his charge. The Chamber and Rotary and any other organization that represents the village should revoke Larry's membership, as it is the height of hypocrisy for him to in anyway be construed as representing the Village of Breckenridge and suing at the same time.
>
> So in conclusion although I will have much more to say in the future I hope you support the council as they are doing a great job. After serving on council off and on since the middle 80's I will not be seeking re-election. For those who have supported me for all those years thank you.

Proposed Am. Compl. Ex. 1; [Dkt. # 21-3].

II

Pursuant to the Federal Rules of Civil Procedure, leave to amend shall be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). "A motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995) (citing *Ford v. Ford*, 371 U.S. 187 (1962)). "A proposed amendment is futile if the

amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citing *Thiokol Corp. v. Dep't of Treasury, State of Mich.*, 987 F.2d 376, 382-83 (6th Cir. 1993)).

Rule 12(b)(6) allows for dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). When deciding a motion under that Rule, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 555 (2007) (citations omitted); *see also Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) ("[W]hile liberal, this standard of review does require more than the bare assertion of legal conclusions."). In *Twombley*, the Supreme Court continued, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." 550 U.S. at 555 (citations omitted). *See also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993) (quoting *Scheid v. Fanny Farmer Candy Shops*,

*Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).

## III

In his motion to amend the complaint, Plaintiff seeks to amend the complaint to include a "defamation and false light" cause of action based on Defendant Buchanan's advertisement. In the proposed amended complaint, Plaintiff alleges that Defendant Buchanan's advertisement created the false impression that Plaintiff is knowingly pursuing a frivolous age discrimination lawsuit. Proposed Am. Compl. ¶ 113. Plaintiff alleges that "the advertisement tended to harm the reputation of the Plaintiff by lowering Plaintiff's estimation within the community and by deterring third persons from associating or dealing with the Plaintiff." *Id.* ¶ 114. Plaintiff emphasizes that the advertisement specifically identifies Plaintiff by name, contends that Plaintiff's age discrimination case is a "a flat out lie," and urges organizations to disassociate themselves from Plaintiff. *Id.* ¶¶ 111, 114. Finally, Plaintiff alleges that Defendant Buchanan's statements were false, unprivileged, and either maliciously or negligently made; damaged Plaintiff's business reputation; and are actionable per se.

In response, Defendants generally contend that amendment of the complaint would be futile because the advertisement contains political speech relating to a matter of public concern and is protected by the First Amendment. Defendants rely on *New York Times Co. v. Sullivan*, 376 U.S. 254 (1964), for the general proposition that freedom of expression on public questions is secured by the First Amendment, and that the First Amendment limits the reach of state defamation and false light laws. Defendants also contend that, pursuant to the First Amendment, a public official cannot recover damages for a defamatory falsehood unless he proves by clear and convincing evidence that a false statement was made with actual malice. Defendants define a malicious statement as one

made with "knowledge that it is false or with reckless disregard of whether it was false or not," quoting *id.* at 280.

While Defendants characterize the advertisement as political speech, it is not apparent how Defendant Buchanan's assertion that Plaintiff's age discrimination case "is a flat out lie," is not clearly distinguishable from the advertisement's political message regarding the financial motives for his vote. Defendant Buchanan did not merely assert his view that the non-renewal of Plaintiff's contract was a cost-saving measure. He did not assert that he personally does not believe that Plaintiff was discriminated against based on age because the decision to not renew the contract was based on budgetary reasons. Rather, Defendant Buchanan asserted that Plaintiff is lying. At this juncture, Defendants have not advanced any legal authority to support the proposition that a defamatory statement contained within a broader political statement is not actionable when the specific content of the challenged statement is only tangentially related to the political message.

Defendants also contend that the advertisement merely states Defendant Buchanan's opinion, which is not capable of a defamatory interpretation or meaning because it is not provable as false. Yet, Defendants acknowledge that, "A statement such as 'In my opinion Mayor Jones is a liar' would be potentially actionable as it presents an objectively verifiable event, such as lying." Here, there is no other possible interpretation of Defendant Buchanan's statement that Plaintiff's age discrimination case "is a flat out lie," other than that Plaintiff is "lying" by claiming that he was discriminated against based on age. Thus, Defendants have not demonstrated how Defendant Buchanan's statement is not actionable because it is an "opinion."

Finally, Defendants contend that Plaintiff cannot prove that any of the statements in the advertisement were made with actual malice. Yet, if Plaintiff's allegations that Defendant Buchanan

discriminated against Plaintiff based on age are accepted as true, *Mayer*, 988 F.2d at 638, Plaintiff could potentially prove that Defendant Buchanan maliciously made the statement that Plaintiff's age discrimination case is "a flat out lie." Thus, Defendants have not shown amendment of the complaint would be futile under the Rule 12(b)(6) standard of review.

Based on the limited arguments and legal authority advanced by Defendants in their response to Plaintiff's motion, at this juncture, it cannot be said that amendment of the complaint would be futile. Thus, the Court will grant Plaintiff leave to amend the complaint. An amended case management and scheduling order will issue.

IV

Accordingly, it is **ORDERED** that Plaintiff's motion to amend the complaint [Dkt. # 21] is **GRANTED**. Plaintiff shall filed the amended complaint on or before **November 24, 2009**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: November 18, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 18, 2009.

s/Tracy A. Jacobs
TRACY A. JACOBS

---